THE STATE, EX REL. HADLOCK, APPELLANT, *v.* McMACKIN, WARDEN, APPELLEE.

[Cite as *State, ex rel. Hadlock, v. McMackin*
(1991), 61 Ohio St.3d 433.]

(No. 90–1919—Submitted April 16, 1991—Decided August 14, 1991.)

*Wes Hadlock, pro se.*

*Lee I. Fisher,* Attorney General, and *John J. Gideon,* for appellee.

*Per Curiam.* We affirm the decision of the court of appeals.

Appellee argues that appellant's appeal should be dismissed on the ground that the notice of appeal was filed in this court thirty-four days after it was filed in the court of appeals. Section 1(B), Rule I of Supreme Court Rules of Practice provides in part:

"A copy of that notice of appeal must be filed or offered for filing in the Supreme Court not later than thirty days after the filing of such notice in the Court of Appeals.  * * * "

The failure to comply with the thirty-day time limit in the rule renders the appeal subject to dismissal.  See *Bazell v. Cincinnati* (1968), 13 Ohio St.2d 63, 42 O.O.2d 137, 233 N.E.2d 864; *State, ex rel. Durkin, v. Ungaro* (1988), 39 Ohio St.3d 191, 529 N.E.2d 1268.

Appellant asserts that the filing was in the possession and control of appellee on October 4, 1990, which if filed then, would have come within the boundaries of the rule.  Although appellant has submitted no evidence to support his allegations, we exercise our discretion under Section 1, Rule II of the Supreme Court Rules of Practice and proceed to the merits.

Appellant's petition challenges the sufficiency of his indictment on the ground that it was fraudulently obtained.  However, a challenge to the sufficiency of an indictment on the ground that it was fraudulently obtained does not go to the issue of jurisdiction and is not grounds for issuance of a writ of habeas corpus.  A defendant may challenge the sufficiency of the indictment only by a direct appeal, and not through habeas corpus.  *State v. Wozniak* (1961), 172 Ohio St. 517, 522–523, 18 O.O.2d 58, 61, 178 N.E.2d 800, 804.

Appellant also alleges fraud and numerous irregularities surrounding his conviction and sentencing.  In a case in which a prisoner alleged similar claims, *State, ex rel. Justice, v. McMackin* (1990), 53 Ohio St.3d 72, 73, 558 N.E.2d 1183, 1183–1184, we held that a petition in habeas corpus does not challenge the jurisdiction of the sentencing court where it alleges fraud on the part of the authorities involved in the prosecution.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.