**[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 571.]**

THE STATE EX REL. SIMPSON, APPELLANT, *v*. LAZAROFF, WARDEN, APPELLEE.

[Cite as *State ex rel. Simpson v. Lazaroff*, 1996-Ohio-201.]

*Habeas corpus not available to challenge the sufficiency of an indictment.*

(No. 96-123— Submitted April 15, 1996—Decided June 5, 1996.)

APPEAL from the Court of Appeals for Warren County, No. CA95-10-103.

_____

{¶ 1} Appellant, Marcus Simpson, filed a petition for a writ of habeas corpus in the Court of Appeals for Warren County, alleging that he was being unlawfully restrained of his liberty. The court of appeals granted appellee's motion to dismiss and dismissed Simpson's petition.

{¶ 2} The cause is now before this court upon an appeal as of right.

_____

*Marcus Simpson, pro se*.

*Betty D. Montgomery*, Attorney General, and *Stuart A. Cole*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

{¶ 3} Simpson asserts that the court of appeals erred in dismissing his habeas corpus petition. Simpson claims that the sentencing court lacked jurisdiction over him because the indictment on which he was charged, tried, convicted, and sentenced referred to him as "Mark Simpson" when his true name was "Marcus Simpson." As the court of appeals correctly concluded, Simpson merely challenged the sufficiency of the indictment rather than the jurisdiction of the sentencing court. See R.C. 2941.03(C); Crim.R. 7(B); see, also, *Lasure v. State* (1869), 19 Ohio St. 43, 50 (An indictment serves as an accusation of a person for a crime rather than an accusation of a particular name.).

**{¶ 4}** Habeas corpus is not available to challenge either the validity or sufficiency of an indictment. *Luna v. Russell* (1994), 70 Ohio St.3d 561, 562, 639 N.E.2d 1168, 1169. Simpson possessed an adequate remedy by direct appeal to raise his contentions. *Luna,* 70 Ohio St.3d at 562, 639 N.E.2d at 1169.

**{¶ 5}** Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.

_____