[This opinion has been published in *Ohio Official Reports* at 78 Ohio St.3d 172.]

SMITH, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

[Cite as *Smith v. Seidner*, 1997-Ohio-224.]

*Habeas corpus not available to challenge either the validity or sufficiency of an indictment—Habeas corpus not available to raise claims of improper jury instructions or verdict forms.*

(No. 96-2710—Submitted March 4, 1997—Decided April 16, 1997.)

APPEAL from the Court of Appeals for Lorain County, No. 96CA006407.

————————————

{¶ 1} In 1991, a grand jury indicted appellant, Stanley Smith, of one count of felonious assault with accompanying firearm and physical-harm specifications. In 1992, the Ashtabula County Court of Common Pleas convicted Smith of felonious assault and sentenced him accordingly.

{¶ 2} In 1996, Smith filed a petition for a writ of habeas corpus in the Court of Appeals for Lorain County. Smith claimed that he was entitled to immediate release from prison because the common pleas court deleted the physical-harm specification contained in the indictment from the jury verdict form and apparently did not refer to this specification in its jury instructions. The court of appeals granted the motion of appellee, Lorain Correctional Institution Warden Larry Seidner, and dismissed the petition for failure to state a claim upon which relief can be granted.

————————————

*Stanley Smith, pro se*.

*Betty D. Montgomery*, Attorney General, and *Michael L. Bachman*, Assistant Attorney General, for appellee.

————————————

*Per Curiam.*

{¶ 3} Smith asserts in his sole proposition of law that the court of appeals erred by dismissing his habeas corpus petition. Smith's petition challenged the common pleas court's verdict form because it did not include the physical-harm specification contained in his indictment.

{¶ 4} As the court of appeals held, habeas corpus is not available to challenge either the validity or sufficiency of an indictment. *State ex rel. Simpson v. Lazaroff* (1996), 75 Ohio St.3d 571, 664 N.E.2d 937. In addition, habeas corpus is not available to raise claims of improper jury instructions or verdict forms. See, *e.g., State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 152, 666 N.E.2d 1134, 1136-1137. Smith's claim could have been raised in a direct appeal from his conviction and sentence. *Simpson,* 75 Ohio St.3d at 571, 664 N.E.2d at 937; *Richard,* 76 Ohio St.3d at 152, 666 N.E.2d at 1136-1137; see, also, *State v. Hill* (1996), 75 Ohio St.3d 195, 208-209, 661 N.E.2d 1068, 1081-1082 (issue of propriety of jury verdict form raised in direct appeal).

{¶ 5} Based on the foregoing, the court of appeals correctly dismissed the petition because Smith possessed an adequate remedy at law by appeal. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____