JOURNAL ENTRY AND OPINION
On April 20, 2000, the petitioner, Lafette Fryerson, commenced this habeas corpus action against the respondent, Sheriff Gerald T. McFaul, to obtain his release from jail. Mr. Fryerson claims that although this court has vacated his convictions for robbery and theft, the state continues to hold him. On April 28, 2000, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds that because the state has instituted new charges against Mr. Fryerson in Juvenile Court, he is in the sheriff's lawful custody. On May 3, 2000, Mr. Fryerson filed a brief in opposition to the motion for summary judgment. For the following reasons, this court grants the motion for summary judgment and denies the petition for a writ of habeas corpus.
 FACTUAL AND PROCEDURAL BACKGROUND
In late January 1996, Lafette Fryerson was sixteen years old. At approximately 11:00 p.m. on January 26, 1996, Thomas Jones drove his 1989 Buick to a store at East 131st Street and Harvard. When he left the store, he saw Lafette Fryerson with several other people. Mr. Fryerson, wearing a black leather jacket and a black skull cap, walked up behind Mr. Jones and grabbed him around the neck in a choke hold. Mr. Fryerson and two other males then robbed Mr. Jones of his car keys and approximately $80.00 and drove off in his Buick.
Shortly thereafter, in the early morning of January 27, Lawrence Robinson was also going to a store in the same area, when two males approached him, put a gun to his head, and robbed him of his money. When Mr. Robinson and one of the males began tussling, the other male shot him in the leg. Later Mr. Robinson described one of his assailants as wearing a black leather coat, dark jeans and a ski mask. Soon thereafter, the Cleveland Police caught Mr. Fryerson, wearing a black leather coat and dark jeans, when they saw him driving Mr. Jones' Buick.
On January 10, 1996, the Cleveland Police filed a complaint against Mr. Fryerson in the Juvenile Division of the Cuyahoga County Common Pleas Court. This complaint charged him with being a delinquent child for committing acts that would constitute criminal offenses if he had been an adult. These acts were kidnapping, aggravated robbery and felonious assault all with firearm specifications against Mr. Robinson, as well as failing to comply with a police officer's order and receiving stolen property, Mr. Jones' Buick. The prosecutor moved to amend the receiving stolen property complaint to aggravated robbery against Mr. Jones, but the juvenile court denied the motion. On April 16, 1996, the juvenile court ordered the bindover of Mr. Fryerson on only the kidnapping and aggravated robbery complaints, which related only to Mr. Robinson.
In July 1996, in case No. Cr. 340376 (the First Case), the Grand Jury indicted Mr. Fryerson for aggravated robbery, kidnapping and felonious assault against Mr. Robinson and for aggravated robbery against Mr. Jones. While the First Case was pending, the Grand Jury indicted Mr. Fryerson in Case No. Cr. 344010 (the Second Case) for robbery and grand theft motor vehicle, both offenses relating to Mr. Jones. Then in October 1996, at the state's request, the trial court nolled the First Case. In the Second Case Mr. Fryerson was convicted as charged and sentenced to eight to fifteen years for robbery and two years for the theft charge to be served concurrently.
On appeal, State of Ohio v. Lafette Fryerson (Feb. 10, 2000), Cuyahoga App. No. 71683, unreported, this court ruled that the General Division of the Common Pleas Court lacked jurisdiction over the charges in the Second Case. The Juvenile Division has exclusive original jurisdiction under the Ohio Revised Code over any child who is alleged to be delinquent for committing an act that would be an offense if committed by an adult. Before such a child may be tried as an adult in the General Division, the Juvenile Division must properly bind over the child to the General Division. Without a proper bindover the General Division does not obtain jurisdiction over the charges, and jurisdiction remains in the Juvenile Division. Moreover, pursuant to R.C. 2151.26 (B) and (C), the General Division, following a proper bindover, obtains jurisdiction over only the charges bound over; it does not obtain jurisdiction to adjudicate charges derived from an act that was not the basis of the transfer. Because the Juvenile Division bound over only charges relating to Mr. Robinson, the General Division did not have jurisdiction to try charges relating to Mr. Jones. Thus, those convictions were void ab initio.
This court reversed the judgment of the General Division and remanded the matter to that court with instructions that it vacate Mr. Fryerson's conviction and remand the matter to the Juvenile Division for adjudication of the matters raised in the delinquency complaint, including possible resumptions of the bindover procedures.
After this, Mr. Fryerson was returned from prison to the custody of Sheriff McFaul. On March 24, 2000, the General Division issued the following order: Conviction against Defendant Lafette Fryerson is hereby vacated. This matter is remanded to Juvenile Division for adjudication.
However, when no further proceedings were forthcoming and Mr. Fryerson remained in the sheriff's custody, he commenced this habeas corpus action. On April 28, 2000, the Cleveland Police issued two new complaints against Mr. Fryerson in the Juvenile Division, one for robbery against Mr. Jones and one for theft of his money.
 DISCUSSION OF LAW
In the summary judgment motion the respondent argues that the charges currently before the Juvenile Division grant that court with sufficient jurisdiction so that the sheriff's custody is lawful. Mr. Fryerson endeavors to dispute that conclusion in his brief in opposition. Counsel argues that because Mr. Fryerson is now over twenty-one years old, the Juvenile Division does not have jurisdiction over the new complaints. However, he concedes that the Juvenile Division does currently have jurisdiction to reconstruct the bindover hearing as if the petitioner were still a juvenile.
R.C. 2725.05 provides that if a person is in the custody of an officer under process issued by a court that had jurisdiction to issue the process, then the writ of habeas corpus shall not be allowed. Mr. Fryerson's concession that the Juvenile Division has jurisdiction to reconstruct the bindover establishes sufficient jurisdiction to satisfy R.C. 2725.05 so that the writ of habeas corpus should not issue.
Moreover, the court is not persuaded by Mr. Fryerson's argument that the juvenile court does not have jurisdiction over a bindover hearing for the new charges, because Mr. Fryerson does not squarely fit into the exclusion of jurisdiction section for bindovers. R.C. 2151.26(G) provides that [i]f a person under eighteen years of age allegedly commits an act that would be a felony if committed by an adult and if the person is not taken into custody or apprehended for that act until the person attains twenty-one years of age, the juvenile court does not have jurisdiction to hear or determine any portion of that case * * *. In the present case the police caught Mr. Fryerson for the acts committed against Mr. Jones when Mr. Fryerson was still a minor, and charges were brought against him relating to that matter when he was a minor, including the effort to amend the receiving stolen property charge to aggravated robbery. Thus, he does not come within this exclusion of jurisdiction. Furthermore, this court notes that its mandate was to remand the matter to the juvenile court for further proceedings. Mr. Fryerson has not established that the juvenile court is clearly without jurisdiction.
Mr. Fryerson also implies that the juvenile court is without jurisdiction because the current charges, relating to Mr. Jones, are not properly before that court. He submits that the Juvenile Division may only reconstruct the bindover hearing on the charges that were originally pending before it, i.e., the charges relating to Mr. Robinson. However, it is well established that habeas corpus will not lie to challenge the validity or sufficiency of a charging instrument. That argument does not challenge the jurisdiction of the court. Cf. Thornton v. Russell (1998), 82 Ohio St.3d 93,694 N.E.2d 464; Marshall v. Lazaroff (1997), 77 Ohio St.3d 443,674 N.E.2d 1378; State ex rel. Simpson v. Lazaroff (1996), 75 Ohio St.3d 571, 664 N.E.2d 937; State ex rel. Richard v. Seidner (1996), 76 Ohio St.3d 149, 666 N.E.2d 1134; State ex rel. Hadlock v. McMackin (1991), 61 Ohio St.3d 433, 575 N.E.2d 184.
Similarly, Mr. Fryerson also complains that his rights to due process have been violated because he has been held an unreasonable period of time without a charge being leveled against him or a bindover hearing held. This argument is a variant on the right to a speedy trial argument. This argument also does not attack the jurisdiction of the court, and appeal or proper motion provide adequate remedies at law precluding habeas relief. Cf. State ex rel. Brantley v. Ghee (1997), 80 Ohio St.3d 287, 288,685 N.E.2d 1243, — claimed violation of his right to a speedy trial is not cognizable in habeas corpus. State ex rel. Dotson v. Rogers (1993), 66 Ohio St.3d 25, 607 N.E.2d 453 and State ex rel. Sadovskiy v. McFaul (Sept. 29, 1999), Cuyahoga App. No. 77020, unreported.
Finally, Mr. Fryerson argues that there were no warrants issued nor were any hearings held to determine if continued detention was necessary. However, Mr. Fryerson always had an adequate remedy at law to seek his immediate release through Juvenile Rule 7(G), which provides in pertinent part as follows:
 After a child is placed in * * * detention care, any party * * * may file a motion with the court requesting that the child be released from detention * * *. Upon the filing of the motion, the court shall hold a hearing within seventy-two hours.
Accordingly, the respondent's motion for summary judgment is granted, and this court denies the application for a writ of habeas corpus. Costs assessed against the petitioner.
ROCCO, P.J., and PATTON, J., CONCUR.
 ___________________________________ JAMES M. PORTER, JUDGE