JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Bruno Graff appeals from the judgment of the trial court which denied his motion for relief from judgment. For the reasons set forth below, we hold that the motion for relief from judgment was in fact a petition for postconviction relief, see State v. Reynolds, 79 Ohio St.3d 158, 160, 1997-Ohio-304,679 N.E.2d 1131, and was untimely. See R.C. 2953.21(A)(2). Accordingly, we affirm the judgment of the trial court.
 {¶ 2} On March 25, 1998, defendant was indicted for the murder of Jonell Ficzeri in case No. CR-361288. Defendant was convicted of the charge on June 9, 1998. He was subsequently sentenced to a term of imprisonment of fifteen years to life.
 {¶ 3} Defendant filed a direct appeal to this court. In that proceeding, the following errors were assigned:
 {¶ 4} "The trial court's jury instructions were plainly erroneous and prejudiced the appellant in violation of the due process clause of the fourteenth amendment and counsel was ineffective under the sixth amendment for failing to abject [sic] to such fundamentally flawed instructions."
 {¶ 5} "The trial court's jury instructions were plainly erroneous and prejudiced the appellant in violation of the due process clause of the fourteenth amendment."
 {¶ 6} "The evidence is insufficient to convict the appellant of murder."
 {¶ 7} "The verdict is against the weight of the evidence."
 {¶ 8} "The trial court's failure to investigate juror # 2's close relationship to the decedent clearly prejudiced appellant's constitutional right to a fair and impartial trial in violation of the sixth and fourteenth amendment due process [sic]."
 {¶ 9} "Trial counsel erred when he failed to move for dismissal of juror #2 or move for a mistrial or new trial by juror #2's participation in the trial and failure to advocate appellant's defense violated appellant's sixth amendment right to effective assistance of counsel."
 {¶ 10} This court affirmed the conviction in State v. Graff
(July 13, 2000), Cuyahoga App. No. 74860, unreported. The Supreme Court of Ohio determined that no substantial constitutional question existed and overruled defendant's motion for leave to appeal. State v. Graff (2000), 90 Ohio St.3d 1468,738 N.E.2d 380.
 {¶ 11} On July 2, 2003, defendant filed a motion for relief from judgment. In this motion, he asserted that his conviction was obtained in violation of the Constitution, is void and should be vacated because: the indictment was not issued upon the complaint of a peace officer; the indictment failed to set forth the elements of the offense of murder; insufficient evidence was offered in support of his conviction; there was prosecutorial misconduct in connection with the prosecuting attorney's trial conduct; and his attorney's trial conduct deprived him of effective assistance of counsel. The trial court denied the motion and defendant now appeals and assigns six errors for our review, five of which reiterate the grounds advanced in the petition, and the sixth of which asserts that the trial court erred in failing to provide findings of fact and conclusions of law.[1]
 {¶ 12} In State v. Reynolds, 79 Ohio St.3d 158, 160,1997-Ohio-304, 679 N.E.2d 1131, the Supreme Court stated:
 {¶ 13} "A petition for postconviction relief, R.C.2953.21(A)(1), is filed subsequent to the direct appeal of the conviction. R.C. 2953.21(A)(2). R.C. 2953.21 (A)(1) defines the criteria under which postconviction relief may be sought:
 {¶ 14} "`Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *.'
 {¶ 15} "Under this definition, where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C.2953.21.
 {¶ 16} "* * *
 {¶ 17} "Reynolds's Motion to Correct or Vacate Sentence, despite its caption, meets the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), because it is a motion that (1) was filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence.
 {¶ 18} "Accordingly, we find that Reynolds's Motion to Correct or Vacate Sentence is a petition for postconviction relief as defined in R.C. 2953.21."
 {¶ 19} Likewise, in this matter, defendant filed the instant motion subsequent to his direct appeal. In support of the motion, he claimed that his constitutional rights were violated and that his conviction was accordingly void and should be vacated. Defendant's motion is, therefore, a petition for postconviction relief pursuant to R.C. 2953.21.
 {¶ 20} R.C. 2953.21(A)(2) sets forth the time requirements for filing such a request and provides in relevant part as follows:
 {¶ 21} "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *."
 {¶ 22} When a petition for post-conviction relief is untimely filed, R.C. 2953.21(A)(2) divests a judge of jurisdiction to hear the petition unless the exceptions as put forth in R.C.2953.23(A)(1) apply. See State v. Smith (Feb. 17, 2000), Cuyahoga App. No. 75793, and cases cited therein. Moreover, pursuant to R.C. 2953.23:
 {¶ 23} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 24} "(1) * * *
 {¶ 25} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief [and,]
 {¶ 26} "* * *
 {¶ 27} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 28} Thus, the statute specifically requires that the person convicted of a criminal offense who seeks untimely review of his request for post-conviction relief satisfy both elements set forth in subdivisions (A)(1) and (A)(2). The court may not entertain an untimely petition unless the petitioner can show, among other things, that he was "unavoidably prevented" from discovering the facts upon which the claim for post-conviction relief is based or that the United States Supreme Court recognized a new state or federal right intended to be applied retroactively to individuals like the petitioner.
 {¶ 29} In this case, defendant filed his petition for postconviction relief almost three years after this court issued a decision in his direct appeal. In addition, defendant's petition did not meet the exceptions for an untimely petition set forth in R.C. 2953.23 and is therefore untimely. As such, the trial court lacked jurisdiction to consider the issues contained therein. See State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058; State v. Smith (Sep. 13, 2001), Cuyahoga App. No. 79028.
 {¶ 30} In addition, because the petition was untimely, the trial court was not required to issue findings of fact and conclusions of law as required in R.C. 2953.21. See State exrel. Reynolds v. Basinger, 99 Ohio St.3d 303, 2003-Ohio-3631. See, also, State v. Short, Cuyahoga App. No. 82246, 2003-Ohio-3538; State v. Lacking (Apr. 23, 1999), Montgomery App. No. 17360; State v. Childs (Feb. 16, 2000), Summit App. No. 19757. Therefore, the trial court properly denied the petition and was not required to issue findings of fact and conclusions of law, and the sixth assignment of error is accordingly without merit.
 {¶ 31} In any event, we conclude that this petition is barred by res judicata.
 {¶ 32} The doctrine of res judicata applies to petitions for postconviction relief. State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104. Pursuant to this doctrine, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. Id.
 {¶ 33} In accordance with the foregoing, defendant's first assignment of error, in which he complains that the indictment issued against him was not issued upon the complaint of a peace officer, is barred by res judicata since it was not raised on direct appeal. State ex rel. Hadlock v. McMackin (1991),61 Ohio St.3d 433, 434, 575 N.E.2d 184. Because defendant failed to raise the issue on direct appeal, he has waived this claim.State v. Wooden, 2002-Ohio-7363, Franklin App. No. 02AP-473.
 {¶ 34} Defendant's second assignment of error, in which he maintains that the indictment did not allege the elements of the offense of murder, is likewise barred because it was not raised on direct appeal to this court. State ex rel. Hadlock v.McMackin (1991), 61 Ohio St.3d 433, 434, 575 N.E.2d; State exrel. McCoy v. Coyle (1997), 80 Ohio St.3d 1430, 685 N.E.2d 542;State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191, 192,529 N.E.2d 1268; State v. Roberson (Aug. 27, 1997), Summit App. No. 18224; State v. Wooden, supra.
 {¶ 35} Defendant's third assignment of error challenging the sufficiency of the evidence supporting his conviction for murder is barred because in his direct appeal, defendant challenged the sufficiency of the evidence supporting his conviction. See Statev. Perry, supra.
 {¶ 36} Defendant's fourth assignment of error in which he asserts that the prosecuting attorney committed misconduct at trial is barred by res judicata because the allegations are based on evidence of record and the claim was not raised in his direct appeal. See State v. Zych (Oct. 27, 1997), Clermont App. No. CA97-02-012.
 {¶ 37} Defendant's fifth assignment of error, in which he asserts that his trial attorneys failed to provide effective assistance of counsel is also barred by res judicata because defendant asserted ineffective assistance of counsel in his direct appeal and defendant does not add new grounds based on evidence outside the record. State v. Perry, supra.
 {¶ 38} In accordance with all of the foregoing, the trial court did not err in denying defendant's petition for postconviction relief. The assignments of error are without merit and the judgment of the trial court is affirmed.
ANNE L. KILBANE, P.J., and FRANK D. CELEBREZZE, JR., J.,concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 APPENDIX Defendant's Assignments of Error
"1. The trial court erred and abused its discretion in denying the appellant's motion for relief from judgment as the indictment was obtained in violation of due process, by prosecutorial misconduct, any by prosecutorial usurpation of judicial authority.
"2. The trial court erred and abused its discretion in denying the appellant's motion for relief from judgment as the indictment fails to set forth sufficient elements to charge an offense of murder, and sets forth only a legal conclusion insufficient to confer subject matter jurisdiction on the trial court.
"3. The trial court erred and abused its discretion in denying the appellant's motion for relief from judgment as the evidence presented at trial was insufficient to sustain a conviction for murder, and if believed, such evidence could only establish proof of voluntary manslaughter.
"4. The trial court erred and abused its discretion in denying the appellant's motion for relief from judgment as the prosecutor invaded the province of the jury, and otherwise committed misconduct so egregious, widespread and continuous that it deprived the appellant of his fundamental right to a fair trial free from taint, resulting in an unreliable verdict based upon the jury's perception of the credibility and status of the prosecutor.
"5. The trial court erred and abused its discretion in denying the appellant's motion for relief from judgment as the separate and collective errors, omissions and deficiencies of the appellant's trial counsel rendered such counsel so deficient as to affectively [sic] render the appellant without the aid of counsel.
"6. The trial court erred and abused its discretion in denying the appellant's motion for relief rom judgment without journalizing the reasons for such denial, setting forth therein its findings of fact and conclusions of law."
[1] See Appendix.