JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Delbert Harrison ("Harrison"), pro se, appeals the trial court's denial of his "petition to vacate or set aside sentence." For the reasons set forth below, we hold that Harrison's petition to vacate or set aside sentence is in fact a petition for postconviction relief and is untimely. See State v. Reynolds,79 Ohio St.3d 158, 160, 1997-Ohio-304, 679 N.E.2d 1131; State v. Graff, Cuyahoga App. No. 83307, 2004-Ohio-1456; see, also, R.C. 2953.21(A)(2). Accordingly, we affirm the judgment of the trial court.
 {¶ 2} The facts and procedural history of this matter were previously set forth in State v. Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119
("Harrison I") and State v. Harrison, Cuyahoga App. No. 89957,2007-Ohio-3524 ("Harrison II").
 {¶ 3} In 2004, Harrison was charged in a five-count indictment stemming from alleged sexual activities involving a seven-year-old child.
 "Counts one and two charged Harrison with rape of a child under the age of thirteen in violation of R.C. 2907.02. Each of these counts includes a sexually violent predator specification, a repeat violent offender specification, and a notice of prior conviction. Counts three and four charged Harrison with gross sexual imposition of a victim under the age of thirteen in violation of R.C. 2907.05. Both counts contained a sexually violent predator specification. Count five charged Harrison with kidnapping of a victim under the age of thirteen in violation of R.C. 2905.01. This count included a sexual motivation specification, sexually violent predator specification, repeat violent offender specification, and a notice of prior conviction.
 A jury found Harrison guilty of each of the five charges and determined that the kidnapping offense was sexually motivated. The repeat violent *Page 4 
offender specification and notice of prior conviction specifications, which had been bifurcated, were withdrawn by the state. Harrison elected to have the sexually violent predator specification determined by the judge instead of a jury. ***
 {¶ 4} The trial court found Harrison to be a sexually violent predator. The trial court also sentenced Harrison to mandatory life sentences on counts one and two, and the court ordered these counts to run consecutively. The court sentenced Harrison to five years to life in prison on counts three and four, and ten years to life in prison on count five. Counts three, four, and five were ordered to run concurrently to each other and concurrently to the first two life sentences." Harrison I.
 {¶ 5} Harrison appealed to this court in Harrison I, arguing that: "the trial court erred and considered facts not in evidence in determining that he is a sexually violent predator, that there was insufficient evidence supporting the underlying convictions, and that the court erred in imposing the sentence."
 {¶ 6} We affirmed the underlying convictions and the sexually violent predator specification in Harrison I, but remanded the matter for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470.
 {¶ 7} Following the remand, the trial court sentenced Harrison to two consecutive life sentences, with a concurrent five-years-to-life term for the gross sexual imposition charges, and a concurrent ten-years-to-life term for the kidnapping charge. See Harrison II. *Page 5 
 {¶ 8} Harrison then appealed again in Harrison II, arguing that the sexually violent predator specification failed to allege the elements of the offense and that the instant offenses could not support a conviction for that specification. He also argued that he was denied effective assistance of trial counsel and that the trial court erred by failing to state the R.C. 2929.12 factors on the record.
 {¶ 9} In Harrison II, we affirmed his sentence, finding that his claims were barred by res judicata because they were a collateral attack on matters previously decided by this court in Harrison I. We also concluded that he was not denied effective assistance of trial counsel, and the trial court was not required to state the R.C. 2929.12 factors on the record when sentencing him.[1]
 {¶ 10} After Harrison II was decided on July 12, 2007, Harrison filed a "petition to vacate or set aside sentence" on July 30, 2007. In this motion, he asserted that he was denied effective assistance of counsel and due process of law.
 {¶ 11} The trial court denied this motion and Harrison appeals again, raising two assignments of error for our review. *Page 6 
 {¶ 12} Initially, we note that although Harrison captioned his pleading as a "petition to vacate to set aside sentence," he filed it pursuant to R.C. 2953.21 and refers to it as a petition for postconviction relief.
 {¶ 13} In Reynolds, the Ohio Supreme Court held that despite defendant's caption, "motion to correct or vacate sentence," the pleading met "the definition of a motion for postconviction relief set forth in R.C. 2953.21(A)(1), because it is a motion that (1) was filed subsequent to [defendant's] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Id. at 160.
 {¶ 14} Likewise, in this matter, Harrison filed the instant motion subsequent to his direct appeal, arguing that his constitutional rights were violated and that his conviction was void and should be vacated. Therefore, his motion is a petition for postconviction relief pursuant to R.C. 2953.21. See Graff.
 {¶ 15} In the first assignment of error, Harrison argues that the trial court erred and abused its discretion by failing to issue findings of fact and conclusions of law as required by R.C. 2953.21. He maintains that since his petition was "properly and timely filed," the trial court should have issued findings of fact and conclusions of law as mandated by R.C. 2953.21(C). *Page 7 
 {¶ 16} However, we note that R.C. 2953.21 imposes certain time requirements for filing a petition for postconviction relief. R.C. 2953.21(A)(2) provides in pertinent part:
 "Except as otherwise provided in [R.C] 2953.23
***, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication ***."
 {¶ 17} R.C. 2953.23(A) provides that a trial court may entertain an untimely petition for postconviction relief if the petitioner meets certain conditions. Harrison must show either that he was unavoidably prevented from discovering the facts upon which his claim for relief is based, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to him. He must also demonstrate by clear and convincing evidence that a reasonable fact-finder would not have found him guilty of the offense for which he was convicted but for the constitutional error at trial.
 {¶ 18} In the instant case, Harrison filed his petition for postconviction relief almost two years after the transcript in his direct appeal was filed. Moreover, his petition did not meet the exceptions for an untimely petition set forth in R.C. 2953.23.[2]
Thus, Harrison's petition for postconviction relief is *Page 8 
untimely. In addition, because Harrison's petition was untimely, the trial court was not required to issue findings of fact and conclusions of law as required in R.C. 2953.21. See Graff.
 {¶ 19} Therefore, we conclude that the trial court properly denied Harrison's petition and the court was not required to issue findings of fact and conclusions of law.
 {¶ 20} Furthermore, we find that Harrison's petition is barred by the law of the case doctrine and res judicata as stated in State v.Harrison, Cuyahoga App. No. 88957, 2008-Ohio-921, in which we denied Harrison's App. R. 26(B) motion to reopen his appeal.[3] We found Harrison's argument that his appellate counsel was ineffective for failing to argue the ineffectiveness of trial counsel was barred by the law of the case doctrine.
 {¶ 21} The law of the case doctrine provides that the decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. Nolan v. Nolan (1984), 11 Ohio St.3d 1,3, 462 N.E.2d 410. Thus, "the doctrine of law of the case precludes a litigant from attempting to rely on arguments at a retrial *Page 9 
which were fully pursued, or available to be pursued, in a first appeal. New arguments are subject to issue preclusion, and are barred."Hubbard ex rel. Creed v. Sauline, 74 Ohio St.3d 402, 404-405,1996-Ohio-174, 659 N.E.2d 781.
 {¶ 22} In the instant case, when this court affirmed the convictions in Harrison I, the propriety of those convictions became the law of the case, and subsequent arguments seeking to overturn them were barred. Thus, in Harrison II, arguments relating only to the resentencing were proper. We recognized this principle when the Harrison II court held that "the claims raised within the first and second assignments of error are a collateral attack upon this previously decided matter which is barred by res judicata."[4] Id. at ¶ 11. Thus, any claims of ineffective assistance of trial counsel and due process violations are barred by res judicata since they were not raised in the direct appeal (Harrison I) or were already rejected in the motion filed under App. R. 26(B) in Case No. 88957 (Harrison II).
 {¶ 23} Accordingly, the first assignment of error is overruled.
 {¶ 24} In the second assignment of error, Harrison argues that the trial court erred and abused its discretion by failing to vacate its prior order denying *Page 10 
his petition for postconviction relief. Having found that the trial court has no jurisdiction to entertain Harrison's petition because it was untimely and that his claims are barred by the law of the case doctrine and res judicata, we find the second assignment of error moot.
 {¶ 25} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and CHRISTINE T. McMONAGLE, J., CONCUR
[1] Harrison's applications to reopen Harrison I and Harrison II were denied by this court on July 17, 2007 and March 3, 2008. Furthermore, Harrison's appeal to the Ohio Supreme Court from Harrison II was denied in January 2008. See State v. Harrison, 116 Ohio St.3d 1475,2008-Ohio-153, 879 N.E.2d 783.
[2] The trial court has no jurisdiction to consider an untimely petition for postconviction relief unless the exceptions in R.C. 2953.23(A) apply. State v. Schultz, Cuyahoga App. No. 85430,2005-Ohio-6627, ¶ 11.
[3] This court's denial of Harrison's second application to reopen his appeal is based on our decision in Harrison II.
[4] Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. *Page 1