LARKINS, et al., Appellants,

v.

**OHIO DEPARTMENT OF REHABILITATION
AND CORRECTION et al., Appellees.**

[Cite as *Larkins v. Ohio Dept. of Rehab. & Corr.* (2000), 138 Ohio App.3d 733.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–1498.

Decided Aug. 10, 2000.

734

*Ronald Larkins, Duane Frazier* and *Rifat Abuhilwa, pro se.*

*Betty D. Montgomery,* Attorney General, and *Joseph T. Cox,* Assistant Attorney General, for appellees.

TYACK, Judge.

On June 9, 1998, Ronald Larkins, Duane Frazier, and Rifat Abuhilwa filed a declaratory judgment action in the Franklin County Court of Common Pleas. The three men sought a declaration that the Ohio Department of Rehabilitation and Correction ("ODRC") was acting illegally in conducting random drug screens of inmates such as themselves.

After service of process, counsel for ODRC and for its director, Reginald Wilkinson, filed a motion to dismiss. In the motion, counsel alleged that the complaint filed on behalf of Ronald Larkins, Duane Frazier, and Rifat Abuhilwa did not state a claim upon which relief could be granted. Counsel also sought dismissal on the grounds that the three men had not, at the time of filing the lawsuit, provided affidavits listing their past litigation history, as required by R.C. 2969.25.

In an apparent attempt to comply with R.C. 2969.25, the three men provided affidavits appended to their memorandum contra the motion to dismiss. The men asked that the affidavits be considered by filing *nunc pro tunc* which, in Latin, means simply "now for then."

The trial judge assigned to the case sustained the motion to dismiss on both theories alleged on behalf of ODRC. Larkins, Frazier, and Abuhilwa have now pursued a direct appeal, assigning two errors for our consideration:

"I. Searches of prisoners' bodies via urinalysis testing are unconstitutional where the Ohio General Assembly has not authorized, by expressed statutory authority, the Department of Rehabilitation and Correction to conduct such Fourth Amendment searches of prisoners that invade their protected privacy right in their bodies. * * *

"II. The trial court erred in dismissing Plaintiff's *Pro Se* complaint for failure, through inadvertence and oversight, to comply with R.C. § 2926.25(A) [*sic*] when Plaintiffs made good faith effort to comply with the statute and cure the defect once the omission was brought to Plaintiffs' attention. * * *"

■■■ Addressing the second assignment of error first, where inmates are attempting to represent themselves in important litigation, we believe that they should be granted some leeway as to compliance with strict pleading requirements. The three gentlemen who filed this lawsuit were apparently unaware at the time of filing that R.C. 2969.25 has a strict requirement about filing affidavits that itemize past litigation history. When they became aware of the requirement, they provided affidavits, although one of the inmates omitted a federal court filing about virtually identical issues. As to the inmates who provided complete affidavits, the trial court should have accepted the belated filing. As to the third inmate who concealed the federal lawsuit, the trial court was within its discretion to dismiss the action.

■■■ The second assignment of error would be sustained as to two of the inmates but for our finding that the trial court's error was not prejudicial. The trial court's error was not prejudicial because ODRC and its director were firmly within their discretion to institute the random drug-screening policy in question.

The ODRC was created by and is governed by Chapter 5120 of the Ohio Revised Code. R.C. 5120.01 names the Director of Rehabilitation and Correction as the executive head of the department and empowers the director to prescribe rules and regulations to govern the various institutions under the director's control.

Inherent in the director's responsibilities is the responsibility to prevent inmates from engaging in illegal conduct to the extent that is reasonably possible. Illegal use of drugs of abuse in particular needs to be prevented both because it is illegal and because of the challenge drug abuse presents to efforts to maintain a safe and secure environment for both the inmates and the employees at the various correctional institutions. Random drug screening is one of the few ways of assessing efforts to keep drugs of abuse out of correctional institutions.

Random drug screening is also one of the few ways of detecting who is endangering themselves by continuing use of controlled substances.

Further, prison inmates have a very limited expectation of privacy while incarcerated. Perhaps the only reasonable expectation of privacy they retain is their bodily integrity. However, their expectation of privacy in their bodily integrity does not equate with an expectation of privacy in bodily waste, such as urine.

The Fourth Amendment to the Constitution of the United States protects citizens from unreasonable searches and seizures. In interpreting the Fourth Amendment, the United States Supreme Court has ruled repeatedly that a person is not the victim of an unreasonable search unless the person has a reasonable expectation of privacy in the area or item to be searched. The principle has been extended by the United States Supreme Court so far as to support a finding that a person does not have a reasonable expectation of privacy in land and premises which can be viewed from navigable air space. Stated somewhat differently, if law enforcement officers can legally fly over your property and see something arguably illegal, a person has no reasonable expectation or privacy in the items or activity observed.

In short, prison inmates have no reasonable expectation of privacy in the items they possess in a prison or in the activities in which they engage while incarcerated. This loss of privacy and personal control is basic to our present-day system of corrections.

Given the extremely limited right of privacy of prison inmates, no Fourth Amendment violation occurred when Director Reginald Wilkinson instituted a policy regarding random drug screening. The first assignment of error is overruled.

Due to our ruling on the first assignment of error, no prejudicial error occurred with respect to the second assignment of error. Therefore, the second assignment of error is also overruled.

Both assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER, J., concurs.

LAZARUS, J., concurs in judgment only.