JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Elvert Briscoe ("appellant") appeals the decision of the Cuyahoga County Court of Common Pleas which denied his motions for relief from judgment and new trial. For the reasons stated below, we affirm.
 {¶ 2} On January 4, 1999, appellant was found guilty on two counts of rape[1] and sentenced to concurrent life sentences. On January 8, 1999, a sexual classification hearing took place wherein appellant was found to be a sexual predator. On February 19, 1999, appellant filed a motion for new trial. On March 10, 1999, appellant filed his direct appeal.[2] On March 15, 1999, the trial court denied appellant's motion for new trial. On August 24, 2000, this court affirmed appellant's conviction.
 {¶ 3} On December 17, 1999, appellant filed a petition to vacate or set aside his sentence. This petition for postconviction relief was denied on February 29, 2000. Appellant appealed, advancing as error the trial court's failure to conduct a hearing on his petition.
 {¶ 4} On November 22, 2000, this court affirmed the trial court's decision denying appellant's motion for postconviction relief.[3] Appellant then filed an application for delayed reopening which was denied.
 {¶ 5} On August 16, 2002, appellant filed a motion for leave to file second and successive postconviction petition which was denied. On December 13, 2002, appellant filed a motion for judgment with response and findings of fact and conclusions of law. On February 3, 2003, the trial court denied said motion and appellant appealed.[4]
 {¶ 6} On July 31, 2003, appellant filed with the trial court a motion for relief from judgment and motion for leave to file motion for new trial. On August 20, 2003, the trial court denied appellant's motions. It is from this denial that appellant advances three assignments of error for our review.
 I. {¶ 7} In his first assignment of error, appellant argues that "the trial court erred to the prejudice of the appellant when it improperly denied appellant's motion for relief from judgment pursuant to Civ.R. 60(B), denying due process and redress of the Ohio and U.S. Constitutions." For the reasons stated below, we affirm.
 {¶ 8} The state initially argues that Civ.R. 60(B) motions for relief from judgment are civil in nature and are, therefore, inapplicable in criminal proceedings. However, under R.C.2953.21, an action for postconviction relief is treated as a civil proceeding in which the prosecuting attorney represents the state as a party. We find the trial court properly considered appellant's Civ.R. 60(B) motion for relief from a criminal conviction as a petition for postconviction relief pursuant to R.C. 2953.21. State v. Johnson, Richland App. No. 01-CA-88, 2002-Ohio-254.
 {¶ 9} A petition for postconviction relief, R.C.2953.21(A)(1), is filed subsequent to the direct appeal of the conviction. R.C. 2953.21(A)(2). R.C. 2953.21(A)(1) defines the criteria under which postconviction relief may be sought as: "Any person who has been convicted of a criminal offense and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence." Though the procedural framework governing postconviction relief proceedings is civil, it admittedly has an impact on adjudicated felons.State v. Brooks, Franklin App. No. 03AP-636, 2004-Ohio-585.
 {¶ 10} We find that appellant's motion for relief from judgment and motion for new trial meet the definition of a motion for postconviction relief because they are motions that 1) were filed subsequent to appellant's direct appeal;[5] 2) claimed denials of constitutional rights;[6] 3) sought to render the judgment void; and 4) asked for vacation of the judgment.[7] State v. Graff, Cuyahoga App. No. 83307, 2004-Ohio-1456.
 {¶ 11} In his argument, appellant contends that "a pro-se, incarcerated inmate involved in important legal litigation against the state is entitled to have pleadings liberally construed." In support of this contention, appellant citesLarkins v. Ohio Dept. of Rehab. Corr. (2000),138 Ohio App.3d 733 and Boag v. MacDougall (1982), 454 U.S. 364. Appellant's reading of these cases is overbroad and misplaced.
 {¶ 12} A postconviction relief proceeding is a collateral civil attack on a criminal conviction. As such, a defendant's right to postconviction relief is not a constitutional right, but is a right created by statute. Therefore, a petitioner receives no more rights than those granted by the statute. State v.Briscoe (Nov. 22, 2000), Cuyahoga App. No. 77832.
 {¶ 13} Despite appellant's interpretation of Larkins, the court actually held that "where inmates are attempting to represent themselves in important litigation, we believe that they should be granted some leeway as to compliance with strict pleading requirements." We are confident the Larkins court did not champion the liberal construction of pro se pleadings by its use of the word "leeway." "Leeway" suggests overlooking minor procedural or technical oversights, not changing established standards of review.
 {¶ 14} Likewise, appellant's reliance on Boag, supra, is misplaced. In Boag, the United States Supreme Court held that "federal courts must construe inartful pleading liberally in pro se actions, Haines v. Kerner, 404 U.S. 519 * * *." As we are not in federal court, we are not bound by this decision. Further, the appellant in Boag advanced errors stemming from the dismissal of his complaint, not post-trial motions. Unlike the facts in Boag, appellant was represented at trial, electing to proceed pro se only after his convictions.
 {¶ 15} We have consistently held that "in Ohio, pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Tisdale v. Javitch, Block Rathbone, Cuyahoga App. No. 83119, 2003-Ohio-6883.
 {¶ 16} Appellant filed his motion for relief from judgment on July 31, 2003. Civ.R. 60(B) provides that a motion for relief from judgment must be brought within a reasonable time, and where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. GTE Automatic Elec. v. ARCIndus. (1976), 47 Ohio St.2d 146. In defense of his delayed filing, appellant argues that the trial court failed to provide notice of its judgment entries dated March 19, 1999,[8]
September 19, 2001,[9] August 23, 2002,[10] and September 5, 2002,[11] and, therefore, his delay should be excused.
 {¶ 17} The trial court elected not to issue an opinion in denying the motions. Appellant's argument is that the court denied his motions based on unreasonable delay. The state argues the denial was based on the absence of operative facts. We find that, all timing issues aside, the trial court properly denied appellant's motion for relief based on a lack of operative facts.
 {¶ 18} To merit Civ.R. 60(B) relief, a movant must set forth operative facts which would warrant relief from judgment. The allegation of operative facts must be of such evidentiary quality as affidavits, depositions, answers to interrogatories, written admissions, written stipulations, or other sworn testimony. Unsworn allegations of operative facts contained in a motion for relief from judgment or in the brief attached to the motion are not sufficient evidence upon which to grant the motion.
 {¶ 19} In the case sub judice, appellant presents a self-serving affidavit stating he did not receive notice of the judgment entries. If the petitioner fails to put forth sufficient substantive evidence demonstrating that he is entitled to relief, then the trial court is not required to hold an evidentiary hearing on the petition and may properly deny the petition.State v. Boyd, Montgomery App. Case No. 18873, 2002-Ohio-1189. It is well within the discretion of the trial court to determine and weigh the credibility of the affiant. Id. In the case sub judice, we find no abuse of discretion.
 {¶ 20} Appellant's first assignment of error is overruled.
 II. {¶ 21} In his second assignment of error, appellant argues that "the trial court erred * * * when it improperly denied appellant's motion for leave to file a motion for new trial pursuant to Crim.R. 33(B)." For the reasons stated below, appellant's assignment of error is barred by the doctrine of res judicata.
 {¶ 22} Pursuant to the res judicata doctrine, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. Statev. Graff, Cuyahoga App. No. 83307, 2004-Ohio-1456.
 {¶ 23} To overcome the res judicata bar, evidence offered must demonstrate that the petitioner could not have appealed the constitutional claim based upon information in the original record. State v. Vasquez, Cuyahoga App. No. 82156, 2004-Ohio-53. A defendant seeking a new trial based on the ground of newly discovered evidence bears the burden of demonstrating to the trial court that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. Id.
 {¶ 24} Appellant argues that the newly discovered evidence he wishes to present was unattainable due, in large part, to the ineffectiveness of his counsel. However, appellant has previously argued ineffective assistance of counsel to no avail. This court has previously affirmed the trial court's denial of appellant's second petition for postconviction relief despite appellant's argument of ineffective assistance. State v. Briscoe (Feb. 5, 2004), Cuyahoga App. No. 82557. Appellant has failed to establish that, but for any error by counsel, the outcome of his trial would have been different. Strickland v. Washington (1984),466 U.S. 688.
 {¶ 25} Appellant's second assignment of error is overruled.
 III. {¶ 26} In his final assignment of error, appellant argues error because "adjudications of pleadings before a prejudicial, biased or impartial judge is fundamentally unfair and denies due process under the Ohio and U.S. Constitutions." Appellant's assignment of error is without merit and barred.
 {¶ 27} Appellant argues that the trial judge was predisposed to deny his motions for relief from judgment and new trial. Specifically, appellant argues that during his sentencing the judge made comments that called into question her impartiality. However, appellant's arguments are those that should have been raised on direct appeal. The result of failing to present such arguments on direct appeal is fatal under the doctrine of res judicata.
 {¶ 28} Appellant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and McMonagle, J., concur.
[1] Appellant was indicted in a four-count indictment, with counts two and three dismissed before the commencement of trial. Each count concerned the rape of the minor daughters of appellant's cousin.
[2] State v. Briscoe (Aug. 24, 2000), Cuyahoga App. No. 76125. Appellant advanced that his conviction was against the manifest weight of the evidence, that improper hearsay was permitted, and that questioning of the expert physician was improperly restricted.
[3] State v. Briscoe (Nov. 22, 2000), Cuyahoga App. No. 77832.
[4] On February 5, 2004, this court affirmed. State v.Briscoe (Feb. 5, 2004), Cuyahoga App. No. 82557.
[5] State v. Briscoe (Nov. 2, 2000), Cuyahoga App. No. 76125.
[6] Appellant is claiming denial of "due process and redress of the Ohio and U.S. Constitutions."
[7] Appellant seeks a new trial.
[8] Appellant's motion for new trial was denied. We note that appellant's motion to vacate does not discuss the March 19, 1999 entry.
[9] Motion for findings of fact and conclusions of law was denied.
[10] Motion for leave to file second and successive post-conviction petition was denied.
[11] Motion to file postconviction petition was denied.