OPINION
{¶ 1} Gary L. Hill, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas in which the court granted the motion to dismiss filed by the Ohio Adult Parole Authority ("OAPA"), defendant-appellee, denied appellant's motion to strike the OAPA's motion to dismiss, and denied appellant's motion to amend.
 {¶ 2} Appellant is currently incarcerated. On May 17, 2005, appellant filed a "motion for a court order of immediate compliance to this court's previous order," which the trial court construed as a complaint against the OAPA. The action apparently sought an order granting him a new parole hearing based upon this court's decision in Ankrom v. Hageman, Franklin App. No. 04AP-984, 2005-Ohio-1546. On June 16, 2005, the OAPA filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The OAPA argued that appellant failed to comply with R.C. 2969.25(C), which requires an inmate to file a certified statement from the institution's cashier, and R.C. 2969.25(A), which requires an inmate who commences a civil action against a governmental entity to file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any court. On July 6, 2005, appellant filed a motion to strike the OAPA's motion to dismiss and a motion to amend.
 {¶ 3} On September 14, 2005, the trial court filed a judgment in which it granted the OAPA's motion to dismiss, denied appellant's motion to strike the OAPA's motion to dismiss, and denied appellant's motion to amend. The court granted the OAPA's motion to dismiss based upon appellant's failure to comply with R.C. 2969.25(A). Appellant appeals the judgment of the trial court, asserting the following six assignments of error:
[I.] The Trial Court errored in dismissing Mr. Hill's Complaint filed on 05-17-05, without providing a fair oppertunity of litigation on the merits raised within said complaint within Case No. 05-CVH-5458 that was dismissed on or about 09-14-05. [Sic.]
[II.] The Trial Court errored by denying Mr. Hill's Due-process rights in not conforming within the "ORIGINAL CASE SCHEDULE" that caused U.S. and State Constitutional violations in denial to Witnesses, Discovery, et cetra[.] [Sic.]
[III.] The Trial Court errored in not providing an approperate remedy within the Senate Bill II's . . . Intent of "Old-law Offenders," held under the Adult Parole Board Authority inwhich such Offenders were Convicted through entry of a Plea Agreement. . ., and Matters of Consideration through the Decision rendered within Layne V. Ohio Adult ParoleAuthority, 97 Ohio St.3d 456; and the Rulings withinAnkrom et al., V. Harry Hageman et al.,2005-Ohio-1546 . . . and within the Supportive finding of the Courts that have priorly ruled as is the Layne
decision. [Sic.]
[IV.] The Trial Court errored by not declairing the Adult Parole Authority in violation of the Seperation of Power(s) Doctrine upon the (A.P.A.) Failure to comply within the Trial Courts Intent of the Plea Agreement and therefore denying Mr. Hill a meaningful Consideration under the findings of the Layne
decision during the review of Mr. Hill's Prole Board Hearing(s) that are a Liberty interest. [Sic.]
[V.] The Trial Court errored in applying Cost assessed against Mr. Hill, Upon the Dismissal of his Complaint without holding a "Ability to Pay" hearing to consider his Indigency Status and there for causing a un-due Hardship on attacking his Inmate Account and denying him time to seek a remedy before debiting of his Inmate account . . . and, the likelyhood of possible remedy through a successful Appeal. [Sic.]
[VI.] The Court errored in not Staying Mr. Hill's Action until the determination of the ANKROM Case that Mr. Hill relys on to support the Merit for a Meaningful hearing and review. [Sic.]
 {¶ 4} We will address appellant's first and second assignments of error together. Appellant argues, generally, in these two assignments of error that the trial court erred in dismissing his complaint. The trial court dismissed appellant's complaint pursuant to Civ.R. 12(B)(6). Appellate review of an order granting a Civ.R. 12(B)(6) motion to dismiss is de novo.Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5. In the present case, the trial court based its dismissal upon appellant's failure to file an affidavit pursuant to R.C.2969.25(A), which provides, in pertinent part:
(A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. * * *
The OAPA agrees with the trial court's reasoning and maintains that the trial court properly dismissed appellant's complaint based upon his failure to file an R.C. 2969.25(A) affidavit.
 {¶ 5} However, neither the OAPA, either below or on appeal, nor the trial court acknowledge that appellant, in fact, filed an affidavit contemporaneously with his July 6, 2005 motion to amend and motion to dismiss. In the affidavit, appellant averred that he had not filed any civil action in the previous five years in any state or federal court. This affidavit was filed after his May 17, 2005 complaint and the OAPA's June 16, 2005 motion to dismiss, but before the trial court's September 14, 2005 judgment.
 {¶ 6} This court has found before that, if an inmate has not filed any civil actions in the previous five years, R.C.2969.25(A) does not require him to file an affidavit. In Churchv. Ohio Dept. of Rehab. Corr. (June 15, 1999), Franklin App. No. 98AP-1222, this court found that the language of R.C.2969.25(A) indicates that an inmate must submit an affidavit only when he has filed prior civil actions. Thus, we concluded that, if there are no actions subject to the disclosure requirement in R.C. 2969.25(A), no affidavit need be filed. However, we specified that a written statement should be filed affirming that no prior actions subject to disclosure exist. In addition, we noted the inmate in Church had filed a motion to amend his complaint to add an R.C. 2969.25(A) affidavit, but the motion was denied by the trial court. We indicated that we did not believe R.C. 2969.25(A) precluded a court from granting a motion to amend or for leave in order to file the requisite affidavits, and that the trial court's denial of the inmate's motion to amend was erroneous. See, also, State ex rel. Pohlable v. Dept. of Rehab. Corr., Franklin App. No. 04AP-720, 2005-Ohio-3153, at ¶ 18 (granting relator leave to amend his complaint to meet or attempt to meet the inmate filing requirements set forth under R.C.2969.25).
 {¶ 7} Further, this court has held that a trial court should accept an inmate's belated affidavit, even without a motion to amend, before dismissing the action for failure to comply with R.C. 2969.25(A). In Larkins v. Ohio Dept. of Rehab. Corr.
(2000), 138 Ohio App.3d 733, we stated that inmates should be granted some leeway as to compliance with R.C. 2969.25(A), and the trial court in that case should have accepted the inmates' affidavits appended to their memorandum contra the appellee's motion to dismiss. But, see, Richards v. Tate (Jan. 29, 2002), Belmont App. No. 01-BA-51 (the failure to file affidavit of past civil actions is not cured by a later submission); State ex rel.Ahmed v. Marple, Belmont App. No. 01 BA 23, 2002-Ohio-6898, at ¶ 3 (late submission of affidavit, filed after respondent's motion to dismiss, is non-compliant with R.C. 2969.25[A]).
 {¶ 8} At least one other appellate court has agreed with our above conclusions. In Snitzky v. Wilson, Trumbull App. No. 2003-T-0095, 2004-Ohio-7229, at ¶ 17-38, the Eleventh District Court of Appeals found the trial court's failure to grant leave to an inmate to amend his writ of habeas corpus with an R.C.2969.25(A) affidavit was an abuse of discretion, where there was no evidence that the inmate's failure to initially comply with the statute was done in bad faith, resulted in undue delay, or caused undue prejudice. The court in Snitzky also distinguished the Ohio Supreme Court's decisions in Fuqua v. Williams,100 Ohio St.3d 211, 2003-Ohio-5533, and Hawkins v. S. OhioCorrectional Facility, 102 Ohio St.3d 299, 2004-Ohio-2893. The court pointed out that neither of those cases specifically held that an inmate is barred from amending his original petition to conform to the statutory mandates of R.C. 2969.25(A).
 {¶ 9} Based upon the above cases, we find the trial court erred in dismissing appellant's complaint. Pursuant to Church,
appellant was not required to file an affidavit, as he had not filed any cases within the last five years, and the court should have accepted the affidavit as a written statement affirming that no prior actions subject to disclosure existed. Further, even if an affidavit was required, the trial court should have found appellant's belated affidavit, filed after the OAPA's motion to dismiss, was sufficient to comply with the requirements of R.C.2969.25(A), based upon Church, Pohlable, and Larkins. For these reasons, appellant's first and second assignments of error are sustained.
 {¶ 10} We address appellant's fifth assignment of error next. Appellant argues in his fifth assignment of error that the trial court erred in assessing costs against him upon dismissal of his complaint. On July 6, 2005, appellant filed, along with his R.C.2969.25(A) affidavit, a statement by the correctional institution's cashier and an affidavit of waiver and indigency, indicating that he possessed insufficient funds and property to pay the court fees and costs. R.C. 2969.25(C) provides:
(C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.
 {¶ 11} For the same reasons as indicated above with regard to the affidavit under R.C. 2969.25(A), we find appellant's July 6, 2005 affidavit of waiver and indigency and statement of the institution's cashier were sufficient to comply with R.C.2969.25(C), although belatedly filed. Thus, in light of these late filings, we conclude that the trial court erred in assessing costs against appellant. Therefore, appellant's fifth assignment of error is sustained.
 {¶ 12} Appellant's remaining assignments of error relate to the underlying merits of his complaint. As the trial court never addressed the merits of appellant's claims, and its dismissal was premised solely upon appellant's failure to comply with R.C.2969.25(C), which we have found was error, appellant's arguments under these assignments of error are not yet subject to review. Therefore, we overrule as moot appellant's third, fourth, and sixth assignments of error.
 {¶ 13} Accordingly, appellant's first, second, and fifth assignments of error are sustained, appellant's third, fourth, and sixth assignments of error are overruled as moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law, consistent with this opinion.
Judgment reversed and cause remanded.
Klatt, P.J., and Petree, J., concur.