DECISION
{¶ 1} Relator, Rayshon Watley, commenced this original action in mandamus seeking an order compelling respondent, State of Ohio Board of Nursing, and a number of employees of the Southern Ohio Correctional Facility (collectively "respondents"), to comply with the law pertaining to the practice of nursing and the administration of medication to inmates. Respondents filed a motion to dismiss on February 21, 2007 contending that relator failed to provide the affidavit required by R.C.2969.25(A). *Page 2 
 {¶ 2} Pursuant to Civ.R. 53(D) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate found that relator failed to provide the affidavit required by R.C. 2969.25(A). Therefore, the magistrate recommended that we grant respondents' motion and dismiss this mandamus action.
 {¶ 3} On April 9, 2007, relator filed an objection to the magistrate's decision and an affidavit arguing that he complied with the requirements of R.C. 2969.25(A). The affidavit appears to comply with the requirements of R.C. 2969.25(A). The affidavit indicates it was notarized on March 15, 2007 — shortly before the magistrate issued her decision. Relator contends that this court should accept his belated affidavit as complying with the statutory requirement, and sustain his objection. Respondents did not respond to relator's objection.
 {¶ 4} This court has previously held that where inmates are attempting to represent themselves in important litigation, "they should be granted some leeway as to compliance with strict pleading requirements."Larkins v. Ohio Dept. of Rehab. Corr. (2000), 138 Ohio App.3d 733,736. More specifically, we have held that a trial court should accept an inmate's belated affidavit, even without a motion to amend, before dismissing the action for failure to comply with R.C. 2969.25(A). Id.;Hill v. Ohio Adult Parole Auth., Franklin App. No. 05AP-1086, 2006-Ohio-1299.
 {¶ 5} Here, relator did not provide the required affidavit until after the magistrate issued her decision. However, the magistrate's decision is only a recommendation to this court. We also note that the affidavit was prepared and notarized before the magistrate *Page 3 
issued her decision. It appears that relator prepared the affidavit in response to respondents' motion to dismiss. Given that relator made some attempt to comply with the requirements of R.C. 2969.25(A) and has now submitted the required affidavit, dismissing his action is unjustified.Larkins; Hill. Therefore, we sustain relator's objection.
 {¶ 6} Following an independent review of this matter, we find that this case should not be dismissed for relator's belated filing of the affidavit required by R.C. 2969.25(A). Although we adopt the magistrate's findings of fact, we modify the magistrate's conclusions of law to reflect our decision to deny respondents' motion to dismiss. Therefore, we remand this matter to the magistrate for further adjudication.
Objection sustained; motion to dismiss denied; and case remanded tomagistrate.
 SADLER, P.J., and BRYANT, J., concur. *Page 4 
 APPENDIX A IN MANDAMUS ON OBJECTION TO MAGISTRATE'S DECISION AND ON MOTION TO DISMISS {¶ 7} Relator, Rayshon Watley, has filed this original action requesting that a writ of mandamus issue against the State of Ohio Board of Nursing and several employees of the Southern Ohio Correctional Facility ("SOCF") including: Edwin Voorhies, Warden; Vonda Adkins, Nurse Administrator; Rhonda Stoniker, Nurse; Debbie Hughes, Nurse; Brandon Lindamood, Nurse; and Malissa Goodie, a Contract Nurse. Relator alleges that *Page 5 
SOCF employs correctional officers to dispense medication to inmates, alleges the nurses give the medication to the correctional officers to dispense, and the State Nursing Board has failed to investigate and prevent the unauthorized practice of nursing. Relator requests a writ of mandamus ordering respondents to comply with the law pertaining to the practice of medicine.
Findings of Fact: {¶ 8} 1. Relator is an inmate currently incarcerated at SOCF.
 {¶ 9} 2. On January 23, 2007, relator filed the instant mandamus action in this court.
 {¶ 10} 3. Having been advised by the clerk of courts that relator had not posted a deposit for costs or filed an affidavit of indigency, a magistrate's order was issued directing relator that, unless a filing fee and a motion for leave to make late payment or an affidavit of indigency was filed no later than February 8, 2007, his action would be sua sponte dismissed.
 {¶ 11} 4. Relator filed a motion asking this court to order the cashier at SOCF to provide him with an account statement.
 {¶ 12} 5. That motion was denied as relator had failed to establish that he had made an appropriate request for same in the manner authorized by the rules of the institution.
 {¶ 13} 6. On February 8, 2007, relator filed a notice of compliance with the magistrate's order requiring that he pay a deposit or file an affidavit of indigency. Relator failed to attach a copy of the cashier's statement to his motion. *Page 6 
 {¶ 14} 7. The magistrate construed relator's motion as an extension for time to file the cashier's statement and extended the deadline to February 21, 2007.
 {¶ 15} 8. On February 14, 2007, relator filed a copy of the cashier's statement from SOCF.
 {¶ 16} 9. Respondents have filed a motion to dismiss alleging that relator has failed to comply with R.C. 2969.25(A); has filed too many actions and requesting that this court apply In re Guess (1996),75 Ohio St.3d 1515, and has abused his in forma pauperis status by filing too many frivolous actions and requests this court to order the clerk to refuse to accept any future filings unless accompanied with the docket fee and security deposit; and that relator is a vexatious litigator and this court should make the formal declaration of same.
 {¶ 17} 10. Relator has filed a memorandum in opposition alleging that he did comply with R.C. 2969.25(A); his filings are neither frivolous nor abusive; that respondents included in their exhibits five cases which relator did not file as part of respondents' evidence that relator has filed 68 actions in various Ohio courts since 1999; and asserting that he is not a vexatious litigator.
 {¶ 18} 11. The matter is currently before the magistrate on respondents' motion to dismiss.
Conclusions of Law: {¶ 19} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In reviewing the complaint, *Page 7 
the court must take all the material allegations as admitted and construe all reasonable inferences in favor of the nonmoving party. Id.
 {¶ 20} In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to recovery. O'Brien v. University Community TenantsUnion (1975), 42 Ohio St.2d 242. As such, a complaint for writ of mandamus is not subject to dismissal under Civ.R. 12(B)(6) if the complaint alleges the existence of a legal duty by the respondent in the lack of an adequate remedy at law for relator with sufficient particularity to put the respondent on notice of the substance of the claim being asserted against it, and it appears that relator might prove some set of facts entitling him to relief. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. For the following reasons, respondents' motion should be granted and relator's complaint should be dismissed.
 {¶ 21} R.C. 2969.25(A) requires an inmate to file, at the time he commences a civil action against a governmental entity or employee, an affidavit listing each civil action or appeal of a civil action that he filed in the past five years, providing specific information regarding each civil action or appeal. In the present action, relator has not filed the required affidavit. Compliance with the provisions of R.C.2969.25 is mandatory and the failure to satisfy the statutory requirements is grounds for dismissal of the action. State ex rel.Washington v. Ohio Adult Parole Auth. (1999), 87 Ohio St.3d 258;State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421;State ex rel. Alford v. Winters (1997), 80 Ohio St.3d 285. *Page 8 
 {¶ 22} In the present action, relator has not filed the required affidavit regarding his other civil actions. Although relator did comply with the magistrate's order by filing the cashier's statement after he filed his mandamus complaint, relator has failed to file a list of civil actions which he has filed in the last five years. For this reason alone, relator's mandamus complaint should be dismissed.
 {¶ 23} Respondents have also requested that this court apply R.C.2969.25(B) which provides:
 If an inmate who files a civil action in a court of common pleas, court of appeals, county court, or municipal court or an inmate who files an appeal from a judgment or order in a civil action in any of those courts has filed three or more civil actions or appeals of civil actions in a court of record in this state in the preceding twelve months or previously has been subject to the review procedure described in this division, the court may appoint a member of the bar to review the claim that is the basis of the civil action or the issues of law that are the basis of the appeal and to make a recommendation regarding whether the claim asserted in the action or the issues of law raised in the appeal are frivolous or malicious under section 2969.24 of the Revised Code, any other provision of law, or rule of court.
 {¶ 24} At the present time, this court has not utilized this revised code provision and has no procedures in place to do so. This court is not in a position to appoint a member of the bar to review relator's mandamus complaint to determine whether the issues of law raised therein are frivolous or malicious. Furthermore, at this time, this court has not declared any relator, petitioner or plaintiff to be a vexatious litigator.
 {¶ 25} Because relator has failed to comply with R.C. 2969.25(A), this court should grant the motion of respondents and relator's mandamus action should be dismissed.
 STEPHANIE BISCA BROOKS MAGISTRATE *Page 1