[Cite as *State v. Lewis*, 2023-Ohio-4010.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ELDON LEWIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 22 MA 0077

---

Criminal Appeal from the
Youngstown Municipal Court, Mahoning County, Ohio
Case Nos. 19 CRB 158, 19 CRB 160

**BEFORE:**
Mark A. Hanni, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Kathleen Thompson*, Youngstown City Prosecutor, for Plaintiff-Appellee and

*Atty. Charles A.J. Strader*, Attorney Charles Strader, LLC, for Defendant-Appellant.

Dated:  November 2, 2023

**HANNI, J.**

**{¶1}** Defendant-Appellant, Eldon Lewis, appeals from a Youngstown Municipal Court judgment convicting him of two counts of public indecency, following a jury trial.

**{¶2}** This appeal stems from two separate cases that were tried together. The events giving rise to this matter occurred while Appellant was an inmate at the Ohio State Penitentiary in Youngstown.

**{¶3}** According to prison chaplain Robin Rader, when she was making her rounds on January 8, 2019 at 1:00 p.m., she approached Appellant's cell and found him naked in the genital area and masturbating. When she went to write up the incident, Appellant told her he did not know it was her or he would not have been masturbating.

**{¶4}** On January 21, 2019, corrections officer Erica Marshall was conducting a security check on Appellant's cell block. When she looked into Appellant's cell, she found Appellant lying on his bed naked, facing her, and masturbating.

**{¶5}** Appellant was charged with two counts of public indecency, third-degree misdemeanors in violation of R.C. 2907.09(A)(2). Appellant was also charged with a third count of public indecency in violation of R.C. 2907.09(A)(1), resulting from another incident; however, he was not convicted of this charge.

**{¶6}** The trial court initially dismissed the charges sua sponte on August 15, 2019, finding that it had no jurisdiction because a prisoner in a state correctional institution may not be removed to stand trial on pending misdemeanor charges. Plaintiff-Appellee, the State of Ohio, appealed to this Court. On appeal, we concluded the trial court incorrectly determined that it did not have jurisdiction. *State v. Lewis*, 7th Dist. Mahoning No. 19 MA 0100, 2020-Ohio-5294, ¶ 23. We noted that a municipal court has both personal and subject matter jurisdiction over persons committing misdemeanors within its jurisdiction. *Id.* And the fact that the misdemeanor occurred at a penitentiary while an offender is serving a felony sentence does not negate the court's jurisdiction. *Id.* Therefore, we remanded the matter to the trial court.

**{¶7}** After several continuances, the matter proceeded to a jury trial on April 27, 2022. The jury found Appellant guilty of the two counts of public indecency and not guilty

of the third charge. The trial court sentenced Appellant to 60 days incarceration on each count, to be served concurrently to each other and concurrently to the prison sentence he was serving, and a $25 fine on each count. Appellant filed a request to stay his sentence pending this appeal, which the trial court granted. Appellant filed a timely notice of appeal on July 11, 2022.

{¶8} Appellant now raises three assignments of error. For ease of discussion, we will address Appellant's assignments of error out of order.

{¶9} Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT/APPELLANT, ELDON LEWIS, OF A VIOLATION OF OHIO REVISED CODE SECTION 2907.09(A)(2), AS SUCH CONVICTION WAS AGAINST THE SUFFICIENCY OF THE EVIDENCE PRESENTED AT TRIAL.

{¶10} Appellant argues there was not sufficient evidence to support his convictions. Appellant notes that prison investigator Michael Wylie testified that security checks were to be performed twice per hour. As to the incident involving Marshall, Appellant points out that Marshall did not testify as to how many security checks she performed prior to checking on him. Without such testimony, Appellant argues, it was impossible to determine if he would expect that his conduct would be likely to be viewed by another person in his physical proximity. As to the incident involving Rader, Appellant notes that while Rader testified that she makes her rounds on Tuesdays, she did not testify as to what time the rounds take place or if inmates who did not request a visit from the chaplain would expect her to be around. Given this testimony, or lack thereof, Appellant argues the evidence did not demonstrate that he knew the act of masturbating in his cell was likely to be viewed by an individual in his physical proximity.

{¶11} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the verdict. *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In essence, sufficiency is a test of adequacy. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Whether the evidence is legally sufficient to

sustain a verdict is a question of law. *Id.* In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Smith*, 80 Ohio St.3d at 113.

**{¶12}** The jury found Appellant guilty of two counts of violating R.C. 2907.09(A)(2), which provides: "No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household * * * Engage in sexual conduct or masturbation[.]" Pursuant to R.C. 2901.22(C), "[a] person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature."

**{¶13}** We must examine the evidence put forth by the State to determine whether it presented evidence going to each element of public indecency.

**{¶14}** Michael Wylie was the investigator for the Ohio State Penitentiary at the relevant times. Wylie testified as to the layout of the prison and the prison procedures. He testified that each prisoner is assigned a cell. (Tr. 70). Each cell has a window that looks to the outside and a window that looks to the interior of the cell block. (Tr. 70-71). Wylie testified that prison staff does a "count" of inmates at eight scheduled times throughout the day and night, where they are basically "looking for a live body within the cell." (Tr. 71-72). He stated that the staff also conducts security checks "a couple times an hour." (Tr. 72). At each check, the staff is required to look into each cell. (Tr. 85). Finally, Wylie testified regarding the procedure for when a female enters the all-male housing unit. Before entering the unit, the female must press an alarm that lets inmates know a female is entering. (Tr. 73). Wylie stated that the alarm is very loud. (Tr. 73).

**{¶15}** Erica Marshall is a corrections officer at the Ohio State Penitentiary where Appellant is housed. She testified that on January 21, 2019, she was conducting a security check in Appellant's cell block. (Tr. 114). She stated that the security checks are to be performed every 30 minutes. (Tr. 114). Before entering the housing unit where Appellant's cell was located, Marshall stated that she pressed the alarm to alert the inmates that a female was entering the unit. (Tr. 115-116). Marshall stated the alarm is

"very loud" and alerts in three "bursts." (Tr. 115-116). Marshall testified that she then approached Appellant's cell and looked in through his window. (Tr. 114). She saw Appellant lying on his bed masturbating towards her. (Tr. 115). Marshall stated Appellant was looking at her through the window. (Tr. 115). She stated this made her feel "very uncomfortable." (Tr. 116).

{¶16} Robin Rader was the prison chaplain at the Ohio State Penitentiary during the relevant time. She stated that she made her rounds at the prison every Tuesday to visit the inmates and that the inmates were aware of her schedule. (Tr. 128). She testified that on January 8, 2019, she was making her rounds in Appellant's block at approximately 1:00 p.m. (Tr. 127). Rader testified as to the alarm process for a female entering the housing unit. (Tr. 125). When she got to Appellant's cell, she looked into his window and saw him lying on his bed masturbating with his genitals exposed. (Tr. 127). She stated she felt "violated." (Tr. 129). Marshall stated Appellant acknowledged her by name when he realized she was there. (Tr. 129). Appellant told Rader, "If I had known it was you, I wouldn't have done that." (Tr. 131).

{¶17} Based on the above evidence, the State presented sufficient evidence going to each element of public indecency. Both Marshall and Rader observed Appellant masturbating in his cell when they looked into his window. Since they are both females, before entering Appellant's housing unit, they pressed the loud alarm to alert all inmates that a female was entering the unit. Knowing a female was in the unit and knowing that security checks were conducted every 30 minutes and that Rader made her rounds on Tuesdays, Appellant proceeded with his masturbation. In both instances, Appellant was facing the window where the women would look into his cell instead of facing away from the window. This evidence is sufficient to support the fact that Appellant acted with heedless indifference to the fact that these women would likely observe him masturbating.

{¶18} Accordingly, Appellant's second assignment of error is without merit and is overruled.

{¶19} Appellant's third assignment of error states:

THE TRIAL COURT ERRED WHEN IT DENIED COUNSEL FOR THE DEFENDANT/APPELLANT, ELDON LEWIS, [sic] MOTION FOR AN ACQUITTAL UNDER OHIO CRIMINAL RULE 29(A).

{¶20} At the conclusion of the State's case, Appellant moved for an acquittal, arguing there was insufficient evidence to support a conviction. (Tr. 132-133). The trial court denied the motion. (Tr. 133).

{¶21} Here, Appellant asserts the trial court should have granted his Crim.R. 29(A) motion for acquittal. Appellant once again argues the State failed to offer evidence that he would expect someone to be in his physical proximity at the time he was masturbating in his cell.

{¶22} Crim.R. 29 provides for the defendant to make a motion for acquittal if the evidence is insufficient to sustain a conviction. An appellate court applies the same test when reviewing a challenge based on a denial of a motion for acquittal as when reviewing a challenge based upon on the sufficiency of the evidence. *State v. Thompson*, 127 Ohio App.3d 511, 525, 713 N.E.2d 456 (8th Dist.1998). Thus, for the same reasons set forth in the discussion of Appellant's second assignment of error, the trial court properly overruled Appellant's Crim.R. 29 motion.

{¶23} Accordingly, Appellant's third assignment of error is without merit and is overruled.

{¶24} Appellant's first assignment of error states:

THE TRIAL COURT ERRED IN CONVICTING THE DEFENDANT/APPELLANT, ELDON LEWIS, OF A VIOLATION OF OHIO REVISED CODE SECTION 2907.09(A)(2), AS SUCH CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

{¶25} In this assignment of error, Appellant argues his convictions were against the manifest weight of the evidence. He bases his argument here on the same reasons espoused in his other assignments of error.

{¶26} In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins*, 78 Ohio St.3d at 387.

"Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.'" *Id.* (Emphasis sic.) In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. *Id.* at 390.

**{¶27}** Yet granting a new trial is only appropriate in extraordinary cases where the evidence weighs heavily against the conviction. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). This is because determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the fact who sits in the best position to judge the weight of the evidence and the witnesses' credibility by observing their gestures, voice inflections, and demeanor. *State v. Rouse*, 7th Dist. Belmont No. 04-BE-53, 2005-Ohio-6328, ¶ 49, citing *State v. Hill*, 75 Ohio St.3d 195, 205, 661 N.E.2d 1068 (1996); *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. Thus, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke*, 7th Dist. Mahoning No. 99-CA-149, 2002-Ohio-1152.

**{¶28}** Appellant did not call any additional witnesses in his defense. Thus, the only evidence to consider is that set out above. In this case, the jury clearly believed Marshall's and Rader's testimony.

**{¶29}** Moreover, "prison inmates have no reasonable expectation of privacy in the items they possess in a prison or in the activities in which they engage while incarcerated." *Larkins v. Ohio Dept. of Rehab. & Corr.*, 138 Ohio App.3d 733, 737, 742 N.E.2d 219 (10th Dist.2000). Inmates generally have no right to expect any privacy in their cells. *State v. Robb*, 88 Ohio St.3d 59, 67, 723 N.E.2d 1019 (2000), citing *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Hudson*, 468 U.S. at 522.

**{¶30}** The weight of the evidence demonstrated the following. Prison inmates are aware of the security checks and of Rader's Tuesday rounds. Both women alerted

Appellant to the fact that they were entering his housing unit by activating the alarm. Appellant nonetheless continued with his masturbation after being alerted of their presence. Additionally, Appellant had no expectation of privacy. Thus, the manifest weight of the evidence supports Appellant's public indecency convictions.

{¶31} Accordingly, Appellant's first assignment of error is without merit and is overruled.

{¶32} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

D'Apolito, P.J., concurs.

Case No. 22 MA 0077

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgments of the Youngstown Municipal Court, Mahoning County, Ohio, are affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**